IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACY GIELDA, Individually, and as Special Administrator of the Estate of JANICE GIELDA, deceased, <br><br> Plaintiff, <br><br> -vs- <br><br> RICHARD LOGSDON, <br><br> and <br><br> PRE-STRIKE PEST MANAGEMENT, <br><br> and <br><br> DANIEL FITZPATRICK d/b/a PRE-STRIKE PEST MANAGEMENT, <br><br> and <br><br> RICHARD HEDGER d/b/a PRE-STRIKE PEST MANAGEMENT, <br><br> Defendants. | Case No: 3:10-CV-00173-WDS-CJP <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, STACY GIELDA, Individually and as Special Administrator of the Estate of JANICE GIELDA, deceased, and by and through his undersigned counsel, for his Complaint, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Stacy Gielda is the son of Janice Gielda (hereinafter "Decedent"). Plaintiff Stacy Gielda filed a Petition simultaneously or shortly after filing the instant Complaint to secure his appointment as the Special Administrator of the Estate of Janice Gielda, deceased.

2. Plaintiff brings this action as personal representative pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.* and 755 ILCS 5/27-6, on behalf of and for the benefit of Decedent's surviving spouse and next of kin.

3. Plaintiff Stacy Gielda is a natural person and a citizen of the State of Arizona, at all relevant times.

4. Decedent was a natural person and a citizen of the State of Arizona at the time of her death.

5. Plaintiff, as Special Administrator of the Estate of Janice Gielda, deceased, is deemed to be a citizen of the State of Arizona because Decedent was a citizen of the State of Arizona at the time of her death pursuant to 28 U.S.C.A. § 1332(c)(2).

6. Defendant Pre-Strike Pest Management is a partnership and/or unincorporated association, and its principal place of business is in the State of Illinois and/or its individual members are citizens of the State of Illinois.

7. Defendant Daniel Fitzpatrick d/b/a Pre-Strike Pest Management is a natural person and a citizen of the State of Illinois, at all relevant times.

8. Defendant Richard Hedger d/b/a Pre-Strike Pest Management is a natural person and a citizen of the State of Illinois, at all relevant times.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states, or a citizen of a foreign state, and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

10. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim at issue occurred in this District and/or one or more of the Defendants reside in this District.

## GENERAL ALLEGATIONS

11. Interstate 57 (hereinafter "I-57") is a public roadway generally running north and south at the relevant location and contains two northbound lanes and two southbound lanes divided by a median.

12. At approximately 5:35 p.m. on November 16, 2009, Decedent was driving a 2010 Kia Forte South on Interstate 57, near mile post 69, in Franklin County, Illinois.

13. At said time and place, Richard Logsdon was driving a 2004 Chevrolet Colorado North on Interstate 57 in the course and scope of his employment and/or agency with the permission of Defendants Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and/or Richard Hedger d/b/a Pre-Strike Pest Management.

14. Richard Logsdon crossed the median into the southbound lanes of I-57 violently striking Decedent's vehicle.

15. As a result of the collision, Decedent was killed. She was 66 years old.

## COUNT I
### Wrongful Death

Plaintiff for Count I of this Complaint and cause of action against Defendants Richard Logsdon, Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and Richard Hedger d/b/a Pre-Strike Pest Management, alleges as follows:

16. Plaintiff hereby realleges and incorporates herein by reference paragraphs 1 through 15 of this Complaint.

17. Defendant Richard Logsdon, individually and in his capacity as agent, servant, and/or employee of Defendants Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and/or Richard Hedger d/b/a Pre-Strike Pest Management, and each of them, owed a duty to operate said motor vehicle with the highest degree of care so as not to injure, maim or harm Decedent.

18. Upon information and belief, Richard Logsdon, individually and in his capacity as agent, servant, and/or employee of Defendants Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and/or Richard Hedger d/b/a Pre-Strike Pest Management, and each of them, breached the above-described duty and operated said vehicle in a careless and negligent manner in at least one or more of the following respects:

(a) improperly crossing the median of a divided highway in violation of 625 ILCS 5/11-708;

(b) operating a motor vehicle on a public highway with improper lane usage in violation of 625 ILCS 5/11-709; and/or

(c) failing to yield the right of way to traffic traveling in the opposite direction;

(d) failing to provide the right-of-way to Decedent's vehicle;

(e) driving the wrong way on a divided highway in violation of 625 ILCS 5/11-708;

(f) driving in the wrong lane;

(g) failing to keep a proper lookout;

(h) colliding with Decedent's vehicle;

(i) failing to apply a motor vehicle's brakes before colliding with Decedent's vehicle;

(j) failing to maintain control of a motor vehicle;

(k) operating a motor vehicle in an ill, fatigued, and/or impaired state;

(l) operating a motor vehicle with a health condition making him not suitable for driving;

(m) driving at a speed which was greater than was reasonable and proper in violation of 625 ILCS 5/11-601;

(n) failing to reduce the speed of his vehicle to avoid colliding with the vehicle being operated by Decedent, in violation of 625 ILCS 5/11-601(a);

(o) operating a motor vehicle too fast for conditions;

(p) driving at a speed which made it impossible for him to stop within the range of his visibility;

(q) failing to recognize that there was a reasonable likelihood of collision and in the time thereafter failing to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded a warning, or swerved and sounded a warning;

(r) operating, maintaining and controlling a motor vehicle in an otherwise negligent, careless, reckless, and/or grossly negligent manner.

19.  As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Richard Logsdon, Decedent was struck and killed.

20. Decedent left her surviving spouse, Richard Gielda, and her adult children, Scott Gielda, Steven Gielda, Stacy Gielda, and Melissa Barry, her only next of kin.

21. Because of Decedent's wrongful death, the surviving spouse, Richard Gielda, and Decedent's children, Scott Gielda, Steven Gielda, Stacy Gielda, and Melissa Barry, have sustained economic and noneconomic damages as well as other pecuniary losses, as are recoverable under the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.*, due to the deprivation of their means of support, and the deprivation of Decedent's society, consortium, companionship, guidance, advice, and love and affection. They also have been deprived of other large sums of money and valuable services that Decedent contributed to them, and would have been continued to contribute, but for her death,

**WHEREFORE** Plaintiff STACY GIELDA, individually, and as Special Administrator of the Estate of JANICE GIELDA, deceased, demands judgment against Defendants Richard Logsdon, Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and Richard Hedger d/b/a Pre-Strike Pest Management, and each of them, jointly and severally, which will fairly and reasonably compensate for Plaintiff's damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as the evidence will show, together with an award of taxable costs, disbursements and prejudgment and post-judgment interest, and for other and further relief with the Court deems fair and proper under the circumstances.

**COUNT II**
**Survival**

Plaintiff for Count II of this Complaint and cause of action against Defendants Richard Logsdon, Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and Richard Hedger d/b/a Pre-Strike Pest Management, alleges as follows:

22. Plaintiff hereby realleges and incorporates herein by reference paragraphs 1 through 21 of this Complaint.

23. As a direct and proximate result of one or more of the foregoing wrongful acts and/or omissions of Defendant Richard Logsdon, individually and in his capacity as agent, servant, and/or employee of Defendants Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and/or Richard Hedger d/b/a Pre-Strike Pest Management, and each of them, which resulted in the above-referenced incident, Decedent, prior to her death, did suffer severe personal injuries, including, but not limited to, fractures to her left and left forearms, fractures to her right and left femur, a transverse fracture through the calvarium, fractured pelvis, multiple rib fractures, fractures through her spine, factures to her right and left tibia and fibula, fractures to her left humerus, and contusions and lacerations to her body.

24. Prior to her death, Decedent was subjected to great physical pain and mental anguish and pursuant to 755 ILCS 5/27-6, her cause of action survives her death and Plaintiff brings this action in his capacity as legal representative of Decedent's estate.

**WHEREFORE** Plaintiff STACY GIELDA, individually, and as Special Administrator of the Estate of JANICE GIELDA, deceased, demands judgment against Defendants Richard Logsdon, Pre-Strike Pest Management, Daniel Fitzpatrick d/b/a Pre-Strike Pest Management, and Richard Hedger d/b/a Pre-Strike Pest Management, and each of them, jointly and severally, which will fairly and reasonably compensate for Plaintiff's damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), as the evidence will show, together with an award of taxable costs, disbursements and prejudgment and post-judgment interest, and for other and further relief with the Court deems fair and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Patrick E. Foppe
PATRICK E. FOPPE    #06282882
ANDREW G. TOENNIES  #06212112
Lashly & Baer, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939 – Telephone
(314) 621-6844 – FAX
or
20 East Main Street
Belleville, Illinois 62220
(618) 233-5587 – Illinois Telephone

pfoppe@lashlybaer.com
atoennies@lashlybaer.com

**Attorneys for Plaintiff**